# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2012

No. 10-31101

Lyle W. Cayce
Clerk

DENNIS D. THOMAS,

Plaintiff-Appellant

v.

ALVIN JONES; JAMES SHAW; GREG WILLIAMS; MARK SCHUMATE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:10-CV-478

Before DeMOSS, STEWART, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Dennis D. Thomas, Louisiana prisoner # 533237, filed a pro se 42 U.S.C. § 1983 complaint in the district court contending that his right of access to the courts had been denied during his detention at the River Bend Detention Center. The district court determined that the complaint was without merit and, on June 29, 2010, entered judgment dismissing it with prejudice. Due to two prison transfers, Thomas alleges that he did not have notice of the judgment until September 14, 2010 when he received an updated docket sheet listing the entry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31101

of judgment.  Thomas appealed, and a panel of this court remanded to the district court to determine whether it should reopen the time to file an appeal under Fed. R. App. P. 4(a)(6).  On remand, the district court found that Rule 4(a)(6)'s conditions were not satisfied and declined to reopen the time to file an appeal.  Thomas now appeals the district court's June 29, 2010 judgment.  We DISMISS on jurisdictional grounds.

## I.  BACKGROUND

In 2010, Thomas filed suit under 42 U.S.C. § 1983, alleging that officials at River Bend Detention Center had denied him access to the courts during his direct appeal from the state conviction for which he was convicted.  On June 29, 2010, the district court entered judgment dismissing Thomas's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

On July 6, 2010, the clerk received Thomas's notice of his change of address to the Elayn Hunt Correctional Center.  On July 12, 2010, the clerk's notice to Thomas of entry of the judgment was returned as undeliverable.  The clerk had sent the notice to Thomas's former address at the River Bend Detention Center.

On July 15, 2010, the clerk received Thomas's motion for appointment of counsel, which was denied as moot.  Thomas's motion listed his address as Winn Correctional Center ("Winn").  The envelope in which the motion arrived also indicated Thomas's relocation to Winn:  Thomas identified Winn as his return address, and the back of the envelope was stamped, "Winn Correctional Center."  In addition, on the envelope's flap, Thomas wrote, "*PLEASE NOTE CHANGE OF ADDRESS."  The clerk did not record Thomas's change of address.

On July 21, 2010, the clerk's notice to Thomas of entry of judgment was returned as undeliverable.  On July 26, 2010, the clerk's notice to Thomas of the denial of his motion for appointment of counsel was returned as undeliverable.  The notices had been sent to Thomas's former address at Elayn Hunt

2

No. 10-31101

Correctional Center. On September 10, 2010, the clerk received Thomas's notice of his change of address to Winn in a letter that also requested notice as to whether his motion for appointment of counsel had been received. The clerk then mailed an updated docket sheet, which listed the entry of judgment, to Thomas. Thomas asserts that he received the docket sheet on September 14, 2010.

On September 22, 2010, the clerk received Thomas's "motion to reconsider/motion to alter or amend judgment" under Fed. R. Civ. P. 59 and 60. In the motion, Thomas alleged that he did not learn of the district court's June 29, 2010 judgment until he received a docket sheet on September 14, 2010. On October 1, 2010, the district court denied the motion. Stating that Thomas "did not point out his change of address" to the clerk, the court found that Thomas did not meet the requirements under either Rule 59 or Rule 60 because Thomas did no more than "rehash the arguments in his Objection to the [Magistrate Judge's] Report and Recommendation." Moreover, the court "properly considered the entire record, including Plaintiff's objections, prior to issuing its Judgment dismissing Plaintiff's action." On October 28, 2010, the clerk received notice of Thomas's appeal from the district court's June 29, 2010 judgment. Thomas also applied for leave to proceed in forma pauperis, which the district court denied.

In August 2011, a panel of this Court issued an order granting Thomas's request for leave to proceed in forma pauperis and remanding the case to the district court for a determination whether the appeal period should be reopened pursuant to Fed. R. App. P. 4(a)(6). *Thomas v. Jones*, No. 10-31101 (5th Cir. Aug. 10, 2011) (unpublished) ("*Thomas I*"). In doing so, the panel held "that Thomas's notice of appeal should have been construed by the district court as a timely Rule 4(a)(6) motion to reopen the appeal period." *Id.* The panel noted

No. 10-31101

that it was "not clear whether Thomas has ever been served with adequate notice of entry of the judgment." *Id*.

On remand, the district court found that Thomas's appeal satisfied only two of the three requirements under Fed. R. App. P. 4(a)(6). Specifically, the district court examined the facts in *United States v. Hurst*, 426 F. App'x 323 (5th Cir. 2011) (unpublished), in which a prisoner similarly claimed he did not receive notice of the entry of an order until he obtained a copy of the docket sheet. The district court distinguished *Hurst* and found that on these particular facts, Thomas had notice of the entry of judgment when he received the docket sheet on September 14, 2010. Because Thomas did not file his notice of appeal within the requisite 14-day period after he received notice, the district court reasoned that Thomas did not meet the conditions necessary to reopen the appeal filing period.

Thomas now appeals the district court's dismissal of his original § 1983 claim as frivolous. He has not addressed the district court's determination that he did not satisfy all of Fed. R. App. P. 4(a)(6)'s conditions.

## II. DISCUSSION

This court must determine whether it has appellate jurisdiction, even if it is necessary to raise the issue *sua sponte*. *Said v. Gonzales*, 488 F.3d 668, 670-71 (5th Cir. 2007) (citation omitted). Lack of actual notice of entry of judgment does not affect the running of the appeal period except as provided under Fed. R. App. P. 4(a). Fed. R. Civ. P. 77(d)(2). Under Rule 4(a)(6), the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered if: (1) the court finds the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of judgment within 21 days after entry; (2) "the motion is filed within 180 days after the judgment . . . is entered or within 14 days after the moving party receives notice under [Fed. R.

No. 10-31101

Civ. P.] 77(d) of the entry, whichever is earlier;" and (3) "the court finds no party would be prejudiced." Fed. R. App. P. 4(a)(6).

This court has not decided whether service of a docket sheet constitutes adequate notice of the entry of an order or judgment under Fed. R. Civ. P. 77(d)(1) and 5(b). *See Hurst*, 426 F. App'x at 325. In *Thomas I*, we stated only that it was "arguable" whether a copy of the docket sheet was sufficient notice of the entry of the judgment. On remand, the district court determined that, on the facts in this case, Thomas did have notice of the entry of judgment when he received the docket sheet.

We need not decide whether the district court erred in its determination because, in the instant appeal, Thomas has raised no issue with respect to whether the district court erred in determining that his Fed. R. App. P. 4(a)(6) motion was not timely filed. He does not dispute he received actual notice of the entry of judgment on September 14, 2010 nor does he dispute he failed to file his request under Fed. R. App. P. 4(a)(6) within 14 days of that date. Instead, he argues only that the district court's June 29, 2010 ruling was an abuse of discretion.

Fed. R. App. P. 4(a)(6) gives the district court the ability to reopen the time to file an appeal. Where the district court has declined to do so, we do not have jurisdiction over the appeal. Without jurisdiction, we cannot consider the merits of the June 29, 2010 judgment.

Fed. R. App. P. 28(a)(5) and (9) require the appellant's brief to contain "a statement of the issues presented for review," as well as an argument containing "appellant's contentions and the reasons for them, with citation to the authorities . . . on which the appellant relies . . . ." "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (citation and internal quotation marks omitted). "A party waives an issue if he

5

fails to adequately brief it." *Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 255 (5th Cir. 2008) (citation and internal quotation marks omitted).

Because Thomas has not raised any issue or presented any arguments with respect to the district court's refusal to reopen the time to file an appeal, he has waived the issue. Therefore, we have no jurisdiction over Thomas's appeal on the merits of the June 29, 2010 judgment.

## III.  CONCLUSION

For the foregoing reasons, we DISMISS Thomas's appeal for lack of jurisdiction.